# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK HASKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-16-283-R ) |
| PAYNE COUNTY JUDGE THOMAS et al., | ) ) ) |
| Respondents. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner Mark Haskins, a state pretrial detainee appearing pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Following examination of Petitioner's filing ("Petition," Doc. No. 1), the undersigned recommends dismissal of his habeas claims.

## BACKGROUND

Petitioner's claims challenge his detention at Payne County Jail in Stillwater, Oklahoma, while awaiting trial on criminal charges in three separate cases in the District Court of Payne County, Oklahoma. *See* Pet. at 1-2.[1] In December 2014, Petitioner was charged with felony drug possession and public intoxication (Case No. CF-2014-760), and in January 2015, Petitioner was charged with two counts of misdemeanor assault and battery

---

[1] The undersigned takes judicial notice of the proceedings and filings of the dockets for Petitioner's criminal cases (Case Nos. CF-2014-760, CM-2015-2, CM-2015-618), which are publicly available through http://www.oscn.net. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007). Petitioner's misdemeanor cases "trailed" (i.e., were conducted together with) the felony-case proceedings.

(Case No. CM-2015-2). In February 2015, Petitioner's preliminary hearing was continued, and Petitioner was released from jail on bond. In March 2015, upon application of Petitioner's attorney for a competency evaluation, Petitioner was ordered to submit himself to a designated mental health facility for examination. The preliminary hearing was further continued several times, either by agreement or upon Petitioner's own request.

On May 29, 2015, Petitioner was charged with misdemeanor counts of resisting an officer and escape from arrest (Case No. CM-2015-618), and returned to Payne County Jail. Pet. at 2. In June and July 2015, the state court found Petitioner to be incompetent to stand trial; the preliminary hearing was then continued each month at Petitioner's request to allow competency proceedings to proceed and the state Department of Human Services ("DHS") to provide further reports. In February 2016, that court ordered DHS and the state Department of Mental Health ("DMH") to determine an appropriate placement for Petitioner. In March 2016, DHS and DMH filed a joint report recommending that Petitioner be evaluated for placement in an enhanced residential care facility. In April 2016, the court adopted the joint report's findings and recommendations and ordered the parties to seek admission of Petitioner to a care facility pursuant to title 22, section 1175.6c of the Oklahoma Statutes.

On May 2, 2016, the state court ordered Petitioner to be placed in an inpatient facility. On August 10, 2016, that court ordered that Petitioner be transported to a residential treatment facility in Howe, Oklahoma, pursuant to title 22, sections 1175.6 and 1175.6c of the Oklahoma Statutes. *See State v. Haskins*, No. CF-2014-760 (Payne Cnty. Dist. Ct. Aug. 10, 2016) (Supp. Order of Disposition & Commitment) (noting that Petitioner previously had been found "to be a person that is incompetent to stand trial and is NOT a person requiring

treatment as defined in 43A O.S. §103 and that he would NOT be able to gain competency within a reasonable time due to a traumatic brain injury"). The relevant dockets reflect that Petitioner was then committed to and is now confined in this residential facility, with his criminal cases set for review by the state court on February 6, 2017.

## THE PETITION

Liberally construed, the Petition, filed March 23, 2016, alleges that Petitioner's prosecution is invalid and that his detention since May 29, 2015, without a preliminary hearing is violating his right to "a speedy trial/Due Process." Pet. at 1-2. Petitioner requests that the Court order his release as well as the dismissal of all charges pending against Petitioner in the District Court of Payne County. Pet. at 2.

## ANALYSIS

Pursuant to the applicable Rules, the Court "must dismiss" a habeas corpus petition if it "plainly appears from the petition and any attached exhibits" that "the petitioner is not entitled to relief." R. 1(b), 4, R. Governing § 2254 Cases in U.S. Dist. Cts.; *see Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (noting that the district court may use the § 2254 rules to summarily dismiss a § 2241 petition). Here, the Petition on its face shows that Petitioner is not entitled to federal habeas relief, such that dismissal is required.

A. *Petitioner's "Speedy Trial" Claim*

Petitioner's request for relief premised upon the State's alleged violation of his right to a "speedy trial" is most reasonably construed as a claimed violation of Oklahoma statute. *See* Pet. at 2; *see, e.g.*, Okla. Stat. tit. 22, § 812.1. But such a violation of state law would not, in itself, violate Petitioner's federal rights, as required for a writ of habeas corpus to

3

issue from this Court. *See* 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). And while Petitioner also has a right to a speedy trial under the Sixth Amendment to the United States Constitution, the Petition does not set forth relevant facts that reasonably allege a violation of that right. *See Jackson v. Ray*, 390 F.3d 1254, 1260-67 (10th Cir. 2004). Moreover, the Petition "does not seek enforcement of his right to a speedy trial, but rather seeks immediate release and an order prohibiting his pending prosecution." *Forney v. Oklahoma*, No. 98-6234, 1998 WL 840941, at *1 (10th Cir. Dec. 7, 1998) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), and upholding dismissal of state pretrial detainee's federal habeas claim); *see* Pet. at 2.

B. *Request for Dismissal of Charges*

To the extent Petitioner seeks dismissal of his pending state-court criminal charges, relief of this nature "is normally not attainable by way of pretrial habeas corpus." *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993) (internal quotation marks omitted); *accord Forney*, 1998 WL 840941, at *1 (noting that a state pretrial detainee "may not seek habeas relief to forestall state prosecution altogether"). The relief Petitioner seeks is generally precluded by the Supreme Court's determination that federal courts should not intervene in pending state criminal prosecutions absent "irreparable injury" that "is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971) (internal quotation marks omitted); *see also Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977) (noting that "[t]he fact the accused may have to stand trial is not an 'irreparable injury'").

Thus, this Court is "compel[led] to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional

4

challenges." *Arter v. Gentry*, 201 F. App'x 653, 654 (10th Cir. 2006). "For a federal court to exercise its habeas corpus power to stop a state criminal proceeding 'special circumstances' must exist." *Capps*, 13 F.3d at 352 (quoting *Braden*, 410 U.S. at 489). Recognizing this limited exception, Petitioner alleges that in February 2016, he sent a document to the state court that he describes only as "a motion to dismiss for violating Petitioner's right to a speedy trial/Due Process." Pet. at 2;[2] *see also* Pet. at 1 (citing *Younger*). Petitioner states that his motion "wasn't sent back" and asserts: "Petitioner hasn't been given a fair and adequate State forum. Petitioner is in an unusual circumstance." Pet. at 2. Such bare allegations and conclusions do not plausibly show that Petitioner lacks an adequate forum to present his federal claims or that this Court's intervention would be proper under *Younger*. Petitioner does not relate the contents of his state-court motion or explain his accusations of unfairness and inadequacy. Although pro se, Petitioner must allege specific facts to support his claims for relief; conclusory allegations are inadequate to avoid summary dismissal. *See, e.g.*, *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012); *Bakalov v. Utah*, 4 F. App'x 654, 657 (10th Cir. 2001). Petitioner does not adequately allege any "special circumstances" warranting federal-court interference in his pending state-court criminal prosecutions. *See Younger*, 401 U.S. at 46; *Capps*, 13 F.3d at 352; *Arter*, 201 F. App'x at 653-54.

---

[2] The dockets for the misdemeanor cases reflect that a submission from Petitioner was docketed as a "letter" on February 26, 2016.

5

### C. Petitioner's Failure to Exhaust State Remedies

Relatedly, Petitioner is required to show that he has exhausted his state remedies as to all of his habeas claims. "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Federal courts "should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Capps*, 13 F.3d at 354 n.2 (internal quotation marks omitted). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). "Courts may raise the issue of exhaustion on their own motion." *Arter*, 201 F. App'x at 653 (upholding denial of § 2241 petition based upon failure to exhaust and *Younger*); *accord Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (noting that sua sponte dismissal of § 2254 petition for failure to exhaust was proper where the petitioner's "failure to exhaust was clear from the face of his petition").

As outlined above, Petitioner alleges that he sent the state court a single "motion to dismiss for violating [his] right to a speedy trial/Due Process." Pet. at 2. But this allegation does not demonstrate that he exhausted his state remedies as to the claims raised in his Petition by following proper state procedures or that attempting such exhaustion is "futile." *See* Pet. at 1-2; *cf.* Okla. Stat. tit. 12, § 1331 ("Every person restrained of his liberty, under

any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."); *id.* tit. 22, ch. 18 app., R. 10.1, 10.6(C) (providing that the Oklahoma Court of Criminal Appeals may review applications for extraordinary writs, including, in "extreme emergenc[ies]," writs of habeas corpus that have not yet been refused by the district court). "There is no indication in any public record to date or in any filing that [Petitioner] has applied to the Oklahoma Court of Criminal Appeals for relief from any ruling by the trial court or from any failure by the trial court to rule on any matter." *Campbell v. Stell*, No. CIV-15-548-C, 2015 WL 4605619, at *3 (W.D. Okla. July 30, 2015); *see also id.* at *1, *2-3 (summarily dismissing pretrial detainee's § 2241 petition based upon failure to exhaust state remedies).

*D. Conclusion*

For all these reasons, Petitioner's § 2241 habeas Petition should be dismissed without prejudice. *See Capps*, 13 F.3d at 352-54; *Arter*, 201 F. App'x at 653-54; *see, e.g.*, *Williams v. Bear*, No. CIV-15-593-M, 2015 WL 5081889, at *1, *2 (W.D. Okla. Aug. 27, 2015).

PETITIONER'S MOTION FOR INJUNCTIVE RELIEF

Along with his Petition, Petitioner has submitted a Motion for Injunctive Relief and an Order Preventing Harm. *See* Pet'r's Mot. Injunctive Relief (Doc. No. 4). In his Motion, Petitioner notes that he was found mentally incompetent by the trial court and repeats his allegation that he has been improperly held at Payne County Jail without due process. *See id.* at 1. Petitioner also states that he needs to be in a community focused upon "healing and recovery," with a "suitable, therap[e]utic environment," rather than in a setting where he is

7

"har[]assed and harmed by the Police and others." *Id.* ("Petitioner doesn't have the mental capacity to be in a jail setting . . . .").

Even assuming Petitioner's general challenge to his confinement was properly exhausted, Petitioner's specific objection to being held at Payne County Jail has been rendered moot by his transfer to a residential mental health facility. *Cf. Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) (noting that petitions under § 2241 to "challenge a defendant's pretrial custody become moot upon the conviction of the petitioner"). Mootness may be addressed sua sponte "because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). The Motion is premised upon harms that arose from Petitioner's confinement at Payne County Jail and does not suggest that he will likewise be harmed if the Court does not step in *now*, while he is confined at a separate facility. Stated differently, there is nothing before the undersigned to establish "a live case or controversy" with respect to the specific claim raised in Petitioner's Motion, in light of Petitioner's August 2016 transfer out of Payne County Jail and into an inpatient mental health treatment center.[3]

Petitioner's Motion for Injunctive Relief therefore should be dismissed.

---

[3] If Petitioner's request is viewed as one for a temporary restraining order or a preliminary injunction rather than a claim for habeas relief, and again assuming jurisdiction lies, Petitioner would not be entitled to such an extraordinary remedy based upon his failure to show, among other things, irreparable harm (given his present confinement). *See* Fed. R. Civ. P. 65(b)(1)(A), 81(a)(4); *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).

## RECOMMENDATION

It is recommended that the Petition (Doc. No. 1) and the Motion for Injunctive Relief (Doc. No. 4) be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by October 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of the Court is directed to mail this Report and Recommendation to Petitioner at the last known address provided to the Court. *See* LCvR 5.4(a).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of September, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE